UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| JAMES L. PITTMAN AND JAMIE PITTMAN | PLAINTIFFS |
| V. | CIVIL ACTION NO. 5:23-CV-41-DPJ-ASH |
| FORD MOTOR COMPANY AND AUTOLIV ASP, INC. | DEFENDANTS |

ORDER

This matter is before the Court on Defendants Ford Motor Company and Autoliv ASP, Inc.'s Motion to Extend Defendants' Expert Designation Deadline [103]. Plaintiffs James L. Pittman and Jamie Pittman oppose the motion. Having considered the parties' submissions and the applicable law, the Court finds that the Motion [103] should be granted.

I.      Facts and Procedural History

The Pittmans filed this action on March 28, 2023, in Lincoln County Circuit Court after Mr. Pittman sustained injuries in an August 2021 car accident where his Ford truck's front airbag allegedly failed to deploy. On May 5, 2023, Defendants Veoneer US, Inc. and Veoneer, Inc. removed the case to this Court. Thereafter, the Pittmans moved for leave to amend their complaint to omit several defendants and to add Autoliv as a defendant. Mot. [12]. On July 17, 2023, the Court granted that motion. Order [14].

On August 20, 2024, the Court entered a Case Management Order [38] setting case deadlines. Four months later, the Pittmans moved to extend those deadlines "[b]ecause of the complexity of this automotive product liability case and Mr. Pittman's ongoing medical condition that has delayed the taking of his deposition." Unopposed Mot. [75]; Memo. [76] at 2. The Court granted their unopposed motion and set the following deadlines:

- o   Designation of Experts by Plaintiffs: April 22, 2025
- o   Designation of Experts by Defendants: May 22, 2025
- o   Discovery: July 22, 2025
- o   Dispositive Motions: August 5, 2025
- o   Pretrial Conference: December 12, 2025
- o   Jury Trial: Two-week Term of Court commencing January 5, 2026.

Dec. 13, 2024, Text-Only Order.

On May 22, 2025, Defendants moved [103] for a 30-day extension of their rebuttal expert deadline, claiming they need additional time to prepare expert reports. Memo. [104] at 2. The Pittmans opposed the requested 30-day extension, but did not oppose a 7-day extension. *Id.* at 3. The Court directed expedited briefing on the motion, which is now fully briefed.

II.    Analysis

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court should consider four factors in assessing whether the movant has shown good cause: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Salmons v. BP Expl. & Prod. Inc.*, No. 1:20-CV-38-LG-RPM, 2021 WL 2149206, at *2 (S.D. Miss. May 26, 2021) (quoting *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

As to the first factor, Defendants explain that an extension is necessary for "two core reasons." Memo. [104] at 1. First, they say that Autoliv's lead counsel "has been detained by

2

unavoidable conflicts," limiting his ability to "communicate with/work with the experts." *Id.* Ford's counsel makes a similar argument. *Id.* at 4. Second, Defendants say they need additional time to acquire the subject vehicle's "restraint control module (RCM)" and subsequently conduct "non-destructive testing" to evaluate the RCM's performance as it relates to the airbag system. But because the Pittmans possess the RCM and have raised objections to the testing protocol, Defendants say they have been delayed in preparing their expert reports due to the ongoing discussion to "resolve Plaintiffs' concerns[] so that testing can proceed." *Id.* The Pittmans claim Defendants first asked to inspect the RCM in September 2024. Resp. [105] at 5. According to them, Defendants' reasoning is "incredulous." *Id.* Defendants, however, distinguish their September 2024 request as one to download the RCM's data, while their current request is to nondestructively test the RCM's functioning to rebut the Pittmans' expert designations. Reply. [106] at 3. On the record before the Court, Defendants' claimed difficulties obtaining the RCM for functionality testing within the limited time available for designating rebuttal expert opinions is a sufficient explanation for the limited extension that they request. This factor favors granting Defendants' motion.[1]

Under the second factor, the Court considers the importance of the amendment. Put differently, the Court considers the significance of the requested 30-day extension. Given the nature of this automotive products liability case, the importance of expert testimony in evaluating the RCM's performance is not difficult to show. Unsurprisingly, Defendants argue that their expert reports are "paramount" in this "highly expert driven" case. Memo. [104] at 5. The Pittmans even acknowledge that this factor weighs in Defendants' favor, though they qualify it as

---

[1] Because the Court finds the RCM issue sufficient to satisfy the first factor, it does not address Defendants' argument concerning their workload.

"only slightly." Resp. [105] at 8. Because expert testimony is important in evaluating whether a defect existed in the vehicle's restraint system—the theory underlying the Pittmans' case—the Court finds that this factor also weighs in Defendants' favor.

The third factor concerns the potential prejudice in allowing the amendment. Defendants say that granting their request would "cause zero prejudice" because the requested extension does not impact the trial date. Memo. [104] at 6. The Pittmans counter that if the Court grants Defendants' request, then the Pittmans' experts "will be forced to expend time, money, and resources travelling to attend and participate in the testing as well as supplementing Plaintiffs' expert reports to address the test results." Resp. [105] at 9. But they provide no authority to support their contention that their attendance is *required* at the testing. In any event, assuming the Pittmans wish for their experts to be present during testing, the Court is not convinced these are costs that would be *caused* by an extension of Defendants' expert designation deadline. Discovery does not close until July 22, 2025, and nothing would preclude Defendants from seeking this (or other) Rule 34 inspections after their expert designation deadline. Because the extension would not create the potential prejudice that the Pittmans point to, these circumstances distinguish this case from those cited by the Pittmans. *See United States for Use & Benefit of Terral River Serv., Inc. v. Rd. Builders, Inc.*, No. 3:19-CV-508-DPJ-FKB, 2021 WL 6882334, at *3 (S.D. Miss. June 29, 2021) (finding increased cost of litigation constituted prejudice when a party untimely moved to extend the dispositive motions deadline that had expired six months earlier); *James v. Cleveland Sch. Dist.*, No. 4:19-CV-66-DMB-RP, 2019 WL 12262504, at *3 (N.D. Miss. Dec. 9, 2019) (finding untimely motion to amend pleadings to add several new defendants prejudicial because the new defendants would likely request a continuance and

4

prolong the litigation). The Court, therefore, finds that this factor weighs in favor of granting Defendants' request.[2]

As to the fourth factor, the Court considers whether the extension will result in an "'additional delay and increase[] the expense of' litigating and whether granting a continuance would 'deter future dilatory behavior, []or serve to enforce local rules or court imposed scheduling orders.'" *Tucei v. BP Expl. & Prod., Inc.*, No. 1:22-CV-78-HSO-BWR, 2023 WL 322497, at *2 (S.D. Miss. Jan. 19, 2023) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)). Defendants argue that they seek "whatever extension [that] can be granted without impacting the trial date." Memo. [104] at 7. The Pittmans, on the other hand, fail to address this factor. Because the requested extension may be granted without affecting the unexpired case deadlines or current trial setting, the Court finds that granting Defendants' Motion will serve all parties' interests in the timely resolution of this case.

The Court finds that the four factors favor a finding of good cause to grant a 30-day extension of Defendants' expert designation deadline.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion [103] is granted. Defendants shall designate their experts by June 23, 2025.

---

[2] As to the Pittmans' complaints about the prejudice of lost *time* from a 30-day extension for rebuttal reports, this argument is dubious considering the Pittmans asked for (and obtained) a 90-day extension. *See* Unopposed Mot. [75]; Dec. 13, 2024, Text-Only Order. While this extension also moved Defendants' expert deadline, it did not extend the time between the Pittmans' expert designation deadline and the deadline for Defendants' rebuttal designations. The Pittmans do not explain why 30 days are prejudicial when, only a few months ago, 90 days were not.

As a final point, the Court observes the Pittmans' response is signed only by non-resident pro hac vice counsel. *See* Resp. [105] at 10. The Local Rules require that:

> At least one resident attorney must sign every submission filed with the court and must personally appear and participate in all trials, in all pretrial conferences, case management conferences and settlement conferences, hearings and other proceedings conducted in open court, and all depositions or other proceedings in which testimony is given.

L.U. Civ. R. 83.1(d)(3). The Pittmans' response does not comply with this rule. The Court cautions the Pittmans that future non-compliance with the Local Rules governing pro hac vice attorneys may result in sanctions. *See, e.g.*, L.U. Civ. R. 83.1(d)(8) ("Admission to appear as counsel pro hac vice in a proceeding may also be revoked for any of the reasons listed in Section 7(A–C) above or just cause determined by the court.").

**SO ORDERED AND ADJUDGED** this the 4th day of June, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
